Mr. Chief Justice Bingi-iam
delivered the opinion of the Court:
This is a proceeding by bill in equity to enforce a mechanics’ lien filed by complainants against the owner, Mrs. Elizabeth A. Dodge, to secure them the payment of money due from Kenderdine & Paret, the contractors.
The defendant and her husband demur and assign as *294 tlieir first ground of demurrer want of privity of contract between the plaintiffs and defendant, Mrs. Dodge.
But we think it is not within the contemplation of the statute that there should be any privity of contract between the subcontractor, the material man and laborer on the one hand, and the owner of the property on the other. It is sufficient to give them a status to sue that there has been a contract by the owner with somebody to improve the property and that the party claiming a lien should either have furnished materials under a contract with the principal contractor, or be a subcontractor for the doing of some of the work, or be simply a laborer employed either by the contractor or subcontractor. The purpose of the statute evidently is to put the contractor, the subcontractor, the material man and the laborer upon an equality with reference to a lien upon the property, each having an equal right to claim and to enforce it, upon showing that he comes within the definition of the statute, either as a contractor, subcontractor, material man or laborer.
Another ground of demurrer is based upon the words to be found in the caption or title of the bill, “ for the use of David L. Morrison,” which it is contended, imply an assignment to Morrison; and it is argued: first, that as a matter of law an assignment of a mechanics’ lien cannot be made; and second, that if it can be made, it is not enforceable in the name of these complainants, but must be enforced by Morrison, the assignee. The caption of the bill, however, is no part of it, and the mere addition thereto of the words, “to the use of David L. Morrison,” cannot be considered as a statement of fact or averment to which the Court can look upon a demurrer to the bill. There is nothing therefore in the record to show that any assignment has been made; on the contrary, it is distinctly averred in the bill that the parties “sue in their own right.” Hence it is unnecessary for us to decide whether the words, “to the use of *295 David L. Morrison,” imply that aii assignment had been made, and, if so, that a mechanics’ lien can or cannot be assigned.
It is also objected that the contract price is not stated in the bill, but we do not think that is a necessary allegation. The statute merely requires that the lien shall not be enforced for an amount in excess of the original contract price; this is a matter to be determined upon the hearing of the cause. If the claim be larger than the contract price, the defendants may, by their answer, set'that up as a defense. It is not necessary that the bill shall on its face show the fact.

We think the demurrer is not well taken, and it is accordingly overruled.